**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **JASON CAP, Individually and on Behalf of All Others Similarly Situated,** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **CIVIL NO. 25-03602-JKB** |
| **CARMAX, INC., et al.** | * | |
| **Defendants.** | * | |

* * * * * * * * * * * * *

## MEMORANDUM

This action was filed on November 3, 2025, by Plaintiff Jason Cap against Defendants CarMax, Inc.; William D. Nash, CarMax's Chief Executive Officer; and Enrique N. Mayor-Mora, CarMax's Chief Financial Officer. (ECF No. 1.) Plaintiff amended the complaint on November 7, 2025, alleging violations of the Securities Exhange Act of 1934, 15 U.S.C. §§ 78j(b) and 78t(a) ("the Exchange Act"). (ECF No. 5.) Plaintiff alleges that Defendants recklessly overstated CarMax's growth prospects, which artificially inflated the market price of the company's securities. (*Id.* ¶ 22.) Plaintiff further alleges that this caused him to suffer significant losses and damages when CarMax's true growth prospects were disclosed, as the value of the securities he acquired in reliance on Defendants' overstatements dropped precipitously. (*Id.* ¶¶ 31, 47.) Plaintiff sues individually and on behalf of a class of "all persons other than defendants who acquired CarMax securities publicly traded on the NYSE [between June 20, 2025, and November 5, 2025, inclusive], and who were damaged thereby." (*Id.* ¶ 32.)

Four Motions for Appointment as Lead Plaintiff and Counsel were filed on January 2, 2026, by: Steven M. Smith (ECF No. 7), Plaintiff Jason Cap (ECF No. 8), the Indiana Public

Retirement System (ECF No. 9), and together, the Excavators Union Local 731 Pension Fund and City of Birmingham Retirement and Relief System (the "Pension Funds") (ECF No. 10). The Motions filed by Steven M. Smith and Jason Cap have been withdrawn (ECF Nos. 11, 12), and the Indiana Public Retirement System filed a Notice of Non-Opposition to the appointment of the Pension Funds as lead plaintiff in this action (ECF No. 13). The Pension Funds filed a Response in further support of their motion (ECF No. 14). The Pension Funds' Motion (ECF No. 10) will be granted.

The Private Securities Litigation Reform Act of 1995 ("PSLRA") requires courts in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure" to "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members [(the "most adequate plaintiff")]." 15 U.S.C. §§ 78u-4(a)(1), 78u-4(a)(3)(B)(i). The Court "shall adopt a presumption that the most adequate plaintiff . . . is the person or group of persons that: (aa) has either filed the complaint or made a motion in response to a notice [of the action]; (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." *Id.* § 78u-4(a)(3)(B)(iii)(I). This presumption "may be rebutted only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff: (aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." *Id.* § 78u-4(a)(3)(B)(iii)(II).

The Pension Funds are the most adequate plaintiff in this action. The four parties who moved for appointment as Lead Plaintiff estimated their losses as follows:

| | | |
|---|---|---|
| Steven M. Smith: | $31,072 | (ECF No. 7-5 at 2); |
| Jason Cap: | $38,968 | (ECF No. 8-6 at 2); |
| Indiana Public Retirement System: | $871,729 | (ECF No. 9-4 at 2); |
| The Pension Funds: | $908,099 | (ECF No. 10-8 at 2). |

The Court finds that the Pension Funds, having moved in response to a notice of this action, therefore have "the largest financial interest in the relief sought by the class."

Further, the Court finds that the Pension Funds "otherwise satisf[y] the requirements of Rule 23." Only a *prima facie* showing of typicality and adequacy is required at this stage. *In re Royal Ahold N.V. Sec. & ERISA Litig.*, 219 F.R.D. 343, 350 (D. Md. 2003). "The requirement of typicality is satisfied if the movant's claim arises from the same course of events as those of the other potential class members and relies on similar legal theories to prove the defendants' liability." *Id.* The Pension Funds, like all putative class members, allege that they "purchased CarMax securities during the class period and suffered harm as a result of defendants' alleged misconduct." (ECF No. 10-2 at 6.) Thus, the Pension Funds have made a *prima facie* showing of typicality.

"Adequacy depends on whether the movant has the ability to represent the claims of the class vigorously, whether it has obtained adequate counsel, and whether there is a conflict between the movant's claims and those asserted on behalf of the class." *In re Royal Ahold*, 219 F.R.D. at 350 (citation omitted). The Pension Funds' interests are aligned with those of the putative class, and they have secured more-than-adequate counsel. The Pension Funds assert that Robbins Geller, their selected counsel, "has obtained the largest securities fraud class action recoveries in the Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits," among other notable accomplishments. (ECF No. 10-2 at 8 (citing cases)); *see also In re Under Armour Sec. Litig.*, No. 1:17-cv-00388 (D. Md. Sept. 14, 2020), ECF No. 150 at 3 (approving Robbins Geller as lead counsel in securities class action in this Court); *In re Am. Realty Cap. Props., Inc. Litig.*, No. 1:15-mc-00040-AKH

(S.D.N.Y. Jan. 21, 2020), ECF No. 1316 at 55 (commending Robbins Geller as lead counsel in securities class action as "reliable," "cogent," and "zealous"). Thus, the Pension Funds have made a *prima facie* showing of adequacy.

Finally, the Pension Funds are the type of sophisticated institutional investors whose participation in securities class actions Congress sought to encourage through enactment of the PSLRA. *See In re Cendant Corp. Litig.*, 264 F.3d 201, 273–74 (3d Cir. 2001); *Xianglin Shi v. Sina Corp.*, No. 05 CIV. 2154 (NRB), 2005 WL 1561438, at *5 (S.D.N.Y. July 1, 2005). No proof has been proffered to defeat the presumption that the Pension Funds are the most adequate plaintiff in this action. Thus, in a separate Order to follow, the Court will grant the Pension Funds' Motion.

DATED this 28 day of January, 2026.

BY THE COURT:

James K. Bredar

James K. Bredar
United States District Judge